UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-60483-CIV-COHN/SELTZER

TWINS INTERNATIONAL MARKETING,

    Plaintiff,

v.

LAGACI, INC.,

    Defendant.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR PARTIAL DISMISSAL OR FOR MORE DEFINITE STATEMENT

**THIS CAUSE** is before the Court upon Defendant's Motion to Dismiss Counts VII and VIII or, in the Alternative, for More Definite Statement [DE 18] ("Motion"). The Court has carefully reviewed the Motion, Plaintiff's Response [DE 19], and is otherwise fully advised in the premises.

**I.    Background**

Plaintiff Twins International Marketing is a Pakistani company that manufactures and exports woven and knitted garments. See DE 10 (Am. Compl.) at 1-2. Defendant Lagaci, Inc., a Florida corporation, sells resort and surf apparel imported from abroad. See id. In 2011, Defendant started buying goods from Plaintiff and thereafter submitted several purchase orders. See id. at 2.

In early 2013, Plaintiff sent four shipments of goods to Defendant, billing it a total of $94,886.45. See DE 10 at 3. Plaintiff alleges that Defendant received these shipments but never paid Plaintiff for the goods. See id. In its current Amended Complaint, Plaintiff asserts five claims for breach of contract, as well as claims for

unjust enrichment, open account, and account stated.  See id. at 3-10.  Attached to the Complaint are the relevant purchase orders and invoices.  See DE 10-1–10-10.[1]

Defendant now seeks dismissal of the open-account and account-stated claims for failure to state a claim on which relief may be granted.  See Fed. R. Civ. P. 12(b)(6). Alternatively, Defendant requests a more definite statement of these two claims. See Fed. R. Civ. P. 12(e).  Plaintiff opposes the Motion, arguing that both of the challenged claims are adequately pleaded.

## II.     Discussion

### A.     Legal Standards

To withstand a Rule 12(b)(6) dismissal motion, a complaint must contain factual allegations that are "enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  Thus, a complaint must plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (alteration, citations & internal quotation marks omitted).

At this stage in the litigation, the ourt must accept the facts alleged in the complaint as true and draw all reasonable inferences therefrom in the plaintiff's favor. See Twombly, 550 U.S. at 555-56.  A complaint should not be dismissed simply

---

[1] "A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."  Fed. R. Civ. P. 10(c).

2

because the court is doubtful that the plaintiff will be able to prove the necessary facts. See id.  Nonetheless, the court may grant a motion to dismiss when, "on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action."  Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993).

In addition, Rule 12(e) of the Federal Rules of Civil Procedure allows a party to "move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."  Fed. R. Civ. P. 12(e).  "A Rule 12(e) motion is appropriate if the pleading is so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith, without prejudice to itself."  Ramirez v. FBI, No. 8:10-cv-1819-T-23TBM, 2010 WL 5162024, at *2 (M.D. Fla. Dec. 14, 2010) (alteration & internal quotation marks omitted).  Such a motion is "intended to provide a remedy for an unintelligible pleading, rather than a vehicle for obtaining greater detail."  Aventura Cable Corp. v. Rifkin/Narragansett S. Fla. CATV Ltd. P'ship, 941 F. Supp. 1189, 1195 (S.D. Fla. 1996).

### B.   Analysis of Defendant's Motion

#### 1.   Open Account

An open account is "an unsettled debt arising from items of work and labor, goods sold and delivered, with the expectation of further transactions subject to future settlement and adjustment."  Robert W. Gottfried, Inc. v. Cole, 454 So. 2d 695, 696 (Fla. 4th DCA 1984).[2]  A claim seeking recovery on an open account is "essentially an

---

[2] The parties agree, and the Court therefore assumes, that the substantive law of Florida governs all claims pleaded in this diversity action.

action to collect on a debt created by a series of credit transactions." Hawkins v. Barnes, 661 So. 2d 1271, 1273 (Fla. 5th DCA 1995).  "One party to the account agrees to sell goods or services on credit and the other assumes the obligation to make payment."  Id.

To state an open-account claim, the plaintiff "must attach an 'itemized' copy of the account."  H & H Design Builders, Inc. v. Travelers' Indem. Co., 639 So. 2d 697, 700 (Fla. 5th DCA 1994) (quoting Moore v. Boyd, 62 So. 2d 427, 428 (Fla. 1952)). In this regard, an open account involves "open transactions not reduced to writing, the sole record of which is usually the account books of the owner of the demand."  Id. Open accounts "should not include express contracts or other obligations that have been reduced to writing."  Id.; see Morse, LLC v. United Wisc. Life Ins. Co., 356 F. Supp. 2d 1296, 1299-1300 (S.D. Fla. 2005).

Here, Defendant argues that "Plaintiff has improperly intertwined [its] claim for Open Account with its alleged Breach of Contract claims in Counts I–V."  DE 18 at 5. The Court agrees.  Plaintiff's breach-of-contract and open-account claims rely on and incorporate the same alleged facts, and they are based on the same set of written purchase orders and invoices.  See DE 10 at 2-7, 9; DE 10-1–10-10.  More, Plaintiff contends that those documents establish one or more contracts between the parties. See DE 10 at 3-8.  Because Plaintiff's open-account claim is based on these alleged contracts, and not on an itemized copy of the account, the claim fails as a matter of law. See Immediate Capital Grp., Inc. v. Spongetech Delivery Sys., Inc., No. 10-60059-CIV, 2010 WL 1644952, at *1 (S.D. Fla. Apr. 22, 2010) (dismissing open-account claim because it "incorporates the allegations that precede it concerning the existence of express contracts between the parties"); Morse, LLC, 356 F. Supp. 2d at 1300 (similar).

4

### 2. Account Stated

To establish a claim for account stated, a plaintiff is "required to prove that there was an agreement between persons who have had previous transactions, fixing the amount due in respect of such transactions, and promising payment." Burt v. Hudson & Keyse, LLC, 138 So. 3d 1193, 1195-96 (Fla. 5th DCA 2014) (internal quotation marks omitted). This agreement "does not need to be explicit." Id. at 1196; see Farley v. Chase Bank, U.S.A., N.A., 37 So. 3d 936, 937-38 (Fla. 4th DCA 2010) ("The cause of action for an account stated is based on 'the agreement of the parties to pay the amount due upon the accounting, and not any written instrument.'" (quoting Whittington v. Stanton, 58 So. 489, 491 (Fla. 1912))). "When a debtor has been issued an account statement and the debtor fails to object in a reasonable time, it is presumed that the account is correct and the debtor is liable." Burt, 138 So. 3d at 1196. But "unlike an action for an open account, an account stated does not require proof of an itemized statement of charges." Farley, 37 So. 3d at 937.

In this case, Plaintiff alleges that the Defendant ordered goods from Plaintiff, agreed to pay certain prices for those goods, and did not object to Plaintiff's invoices. See DE 10 at 9-10. Plaintiff further claims that Defendant failed to pay the $94,886.45 total balance shown in the invoices. See id. at 10. These allegations, along with the documents attached to the Amended Complaint, plead a valid claim for account stated. While Defendant asserts that Plaintiff has improperly grouped several invoices into a single claim, this argument is foreclosed by Florida law. See Whittington, 58 So. at 491 (explaining that an account-stated claim "may be made up of various items, and may include some due upon written instruments, as well as upon oral agreements"). The Court also rejects Defendant's request for a more definite statement of this claim.

5

The Amended Complaint and attached documents set forth Plaintiff's account-stated claim with more than enough clarity for Defendant to reasonably respond to the claim.

### III. Conclusion

For the reasons discussed, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion to Dismiss Counts VII and VIII or, in the Alternative, for More Definite Statement [DE 18] is **GRANTED IN PART and DENIED IN PART.** Count VII of Plaintiff's Amended Complaint (Open Account) is **DISMISSED.** Plaintiff may proceed with Count VIII (Account Stated) as currently pleaded.

2. By **September 9, 2014,** Defendant shall file an Answer to the remaining claims in Plaintiff's Amended Complaint [DE 10].

3. If Defendant's Answer requires Plaintiff to file a further responsive pleading, Plaintiff shall do so by **September 23, 2014.**

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 26th day of August, 2014.

*/s/ James I. Cohn*
JAMES I. COHN
United States District Judge

Copies provided to:

Counsel of record via CM/ECF